**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ETINOSA OSAHON,

Plaintiff,

v.

MARKWAYNE MULLIN, *Secretary of Homeland Security*, *et al.*

Defendants.

Case No. 2:26-cv-09121-MWC-DFM

**STANDING ORDER REGARDING NEWLY ASSIGNED CASES**

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE.**

This action has been assigned to the calendar of Judge Michelle Williams Court. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. "To secure the just, speedy, and inexpensive determination of every action," Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 1, all parties or their counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P., particularly Fed. R. Civ. P. 16, 26, the Local Rules of the Central District of California, and this Court's Orders.

//

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING**

**RULES SHALL APPLY:**

**TABLE OF CONTENTS**


1. Use of Artificial Intelligence ........ 2
   a. Declaration Certifying Use or Non-Use of Artificial Intelligence ........ 3
2. Civility ........ 3
3. Service of the Complaint. ........ 4
4. Removed Actions. ........ 4
5. Presence of Lead Counsel. ........ 4
6. Filing. ........ 5
7. Discovery. ........ 5
8. Motions - General Requirements ........ 6
9. Specific Motion Requirements ........ 9
10. Proposed Orders. ........ 12
11. Chambers Copies. ........ 12
12. Telephonic Hearings. ........ 12
13. *Ex Parte* Applications. ........ 13
14. TROs and Injunctions. ........ 13
15. Continuances. ........ 13
16. Communications with Chambers. ........ 14
17. Order Setting Scheduling Conference. ........ 14
18. Alternative Dispute Resolution (ADR). ........ 15


**1. Use of Artificial Intelligence**

Lawyers and pro se litigants who use technology like ChatGPT, Google Bard, Bing AI Chat, or other generative artificial intelligence services to prepare documents that the parties file in the record in this case are cautioned that generative AI technologies sometimes may produce factually or legally inaccurate content. Federal Rule of Civil Procedure 11(b) requires that all parties who present papers to the Court certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the factual and legal contentions are "warranted," "nonfrivolous," and "have evidentiary support." Fed. R. Civ. P. 11(b)(2)–(3).

**a. Declaration Certifying Use or Non-Use of Artificial Intelligence**

Every motion, pleading, or other paper must attach to the filing a separate declaration, signed under penalty of perjury, disclosing the use or non-use of generative Artificial Intelligence ("AI") (e.g., Claude, ChatGPT, Harvey, CoCounsel, or Google Board). The preparer of the filing must certify that either (a) no portion of the filing was drafted by AI, or that (b) AI was used in drafting a portion of the filing, and that the filer has reviewed the source material and verified that the artificially generated content is accurate and complies with the filer's Rule 11 obligations. The declaration must identify which, if any, portion of the filing incorporates Generative AI outputs. The Court warns that a party who presents to the Court a pleading, written motion, or other paper incorporating inaccurate or undeclared Generative AI outputs may be subject to sanctions, including referral to the State Bar, without further warning. *See* Fed. R. Civ. P. 11(c). **Failure to submit a declaration attesting to the use or non-use of AI may result in the Court striking the filing.**

**2. Civility**

All counsel[1] who appear in this action must immediately review and comply with the Civility and Professionalism Guidelines, which can be found on the Court's website at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines. The Court expects everyone in the courtroom to treat each other with dignity and respect. At a minimum, the Court expects the following from counsel: (1) punctuality and preparation for all court appearances; (2) civility and respect in all oral and written communications with the Court other parties; (3) civility and respect to court personnel, including the courtroom deputy, court reporters, law clerks, and marshals; (4) refraining from interrupting any person in the courtroom when that person is speaking; (5) refraining from making gestures, facial expressions, or audible comments indicating approval or disapproval of testimony or argument; and (6) consideration of

[1] All references to "counsel" or "lawyers" in this Standing Order includes parties appearing *pro se*.

the time constraints and pressures on the Court and court staff inherent in their efforts to administer justice.

**3. Service of the Complaint.**

The Plaintiff(s) shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to the Local Rules. Any Defendant(s) not timely served shall be dismissed from the action without prejudice. Any "DOE" or fictitiously-named Defendant(s) who is not identified and served within 90 days after the case is filed shall be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**4. Removed Actions.**

Any answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Upon removing the action to federal court, and within seven (7) days after the case is assigned to this Court, Defendant must submit a complete copy of the Superior Court action's docket sheet that details every state court filing and action that took place prior to removal. Any pending motions must be re-noticed in accordance with the Local Rules. If an action removed to this Court contains a form pleading (i.e., a pleading in which boxes are checked), the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

**5. Presence of Lead Counsel.**

The attorney attending any proceeding before this Court, including all status and settlement conferences, must be the lead trial counsel. All requests to substitute another attorney in place of lead counsel must be filed at least seven (7) days prior to the Court proceeding.

**6. Filing.**

The Court's CM/ECF system is available 24/7 for electronic filing of documents. Parties may register for access to PACER. For more information, please visit the Court's website.[2]

Unrepresented litigants who cannot electronically file their documents in the CM/ECF system may mail their filings to the Clerk of Court at 255 E. Temple Street, Suite TS-134, Los Angeles, CA 90012-3332 or submit documents for filing through the Court's Electronic Document Submission System (EDSS).[3] For additional filing information, please visit the Court's website, and click on the heading "People without Lawyers" to answer further questions.[4]

Attorneys who are required to manually file documents pursuant to the Local Rules must mail their filings to the Clerk of Court at the above address.

Non-paper physical exhibits exempted from electronic filing shall be sent via U.S. Mail or other commercial delivery to the Clerk of Court at the above address.

**7. Discovery.**

**Counsel are advised to actively begin discovery before the Scheduling Conference.** All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

The decision of the Magistrate Judge shall be final, subject to modification by the

---

[2] *See* NextGen CM/ECF, Central District of California, https://www.cacd.uscourts.gov/e-filing/nextgen-cmecf.

[3] For more information, please refer to the Court's webpage designated for Electronic Document Submission System for People Without Lawyers, located at https://apps.cacd.uscourts.gov/edss.

[4] *See* People Without Lawyers: Resources for Pro Se Litigants in the Central District of California, https://prose.cacd.uscourts.gov/.

District Court Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities. Counsel shall provide the Magistrate Judge with chambers copies of the moving papers and responses consistent with the corresponding judge's procedures.

**8. Motions - General Requirements**

a. Time for Filing and Hearing Motions: Motions shall be filed in accordance with Local Rules 6 and 7. This Court only hears motions on Fridays,[5] beginning at 1:30 p.m. If the motion date selected is not available, the Court will continue the hearing to the next available date on the Court's calendar. (Counsel are advised to check the availability of a selected date *immediately* prior to filing the motion.) Opposition or reply papers due on a holiday must be filed the preceding business day (i.e., Thursday)—not the following business day (i.e., Monday)—and must be hand-delivered or emailed to opposing counsel on the preceding business day. Professional courtesy dictates that moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Thursday preceding a holiday. Such a filing is likely to cause a requested continuance to be granted.

Adherence to the timing requirements is mandatory for chambers' preparation of motion matters.

b. Pre-filing Requirement: Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss

[5] Please refer to the Court's "Motion Calendar" table on the right-hand side of the Court's webpage, located at: https://apps.cacd.uscourts.gov/Jps/honorable-michelle-williams-court. If a civil calendar date is ***not*** "Closed," then it is open and the parties may select that date for hearing on a civil motion.

thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. The *pro se* status of one or more parties does not negate this requirement. **The parties are further advised that email correspondence alone is insufficient to satisfy this requirement.** If the parties do not comply with Local Rule 7-3, the Court may strike or deny the motion.

c. Length and Format of Motion Papers: Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. Pursuant to the Local Rules, either a proportionally spaced or monospaced font may be used. A proportionally spaced face must be 14-point or larger, or as the Court may otherwise order. A monospaced face may not contain more than 10½ characters per inch. These typeface requirements apply to footnoted material. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to PDF format so that when a document is electronically filed, it is in proper size and is text-searchable. Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1. **Failure to comply with formatting requirements may result in the Court striking the motion**.

d. Documents with Declarations, Exhibits, and Other Attachments: If a filed or lodged document has declarations, exhibits, or other attachments, each of these must be filed as a separately docketed attachment to the main docket entry with a description of the attachment (e.g., Dkt. 29-1 Smith Declaration).

e. Citations to Case Law: Citations to case law must identify not only the case cited, but the specific page referenced. Citations to cases must be in Bluebook

format. Counsel may omit parallel citations. For unreported cases, the Court prefers Westlaw citations.

f. Citations to Other Sources: Statutory references should identify with specificity the sections and subsections referenced (e.g., "Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district court jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters."). Statutory references that do not specifically indicate the appropriate section and subsection (e.g., "Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. §§ 2511, et seq.") are to be avoided. Citations to treatises, manuals, and other materials should include the volume, section, and pages being referenced.

g. Oral Argument: The Court strongly prefers in-person appearances. Requests for a remote appearance will only be considered upon a written application filed at least seven (7) days before the hearing and supported by an appropriate declaration establishing good cause. The Court typically disfavors holding hearings on civil motions. If the Court requires oral argument, counsel are allocated ten (10) minutes per side total, including time for rebuttal arguments. If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties at least twenty-four (24) hours in advance.

The Court encourages parties to permit less experienced lawyers, including lawyers from historically under-represented groups, to actively participate in the proceedings by presenting argument at motion hearings or examining witnesses at trial. The Court is more likely to hear oral argument if any party files a notice at least seven (7) days before a scheduled hearing stating that junior counsel, including lawyers from historically under-represented groups, will conduct the argument, or most of it.

**9. Specific Motion Requirements**

h. Declaration Certifying Artificial Intelligence Use or Non-Use: All motions require attaching a separate declaration, adhering to the requirements in Section 1(a) of this Court's Standing Order, certifying the filer's use or non-use of generative AI in preparing the filing. The Court may strike any filing that does not comply with this requirement.

i. Motions Pursuant to Rule 12: Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint once as a matter of course within twenty-one (21) days of serving it or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is greater." Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or the time for amending it as a matter of course has run, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). These principles require that plaintiff's counsel carefully evaluate defendant's contentions as to the deficiencies in the complaint. In most instances the moving party should agree to any amendment that would cure the defect.

j. Motions to Amend: In addition to the requirements of Local Rule 15-1, all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; (3) state the page and line number(s) and wording of any proposed change or addition of

material; and (4) include as an attachment a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

k. Summary Judgment Motions: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order. A motion under Rule 56 must be filed at least forty-nine (49) days prior to the date on which the motion is noticed for hearing. The opposition is due not later than twenty-one (21) days before the date designated for the hearing of the motion, and the reply not later than fourteen (14) days before the date designated for the hearing of the motion. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (e.g., generous use of tabs, tables of contents, headings, indices). The parties are to comply precisely with Local Rule 56-1 through 56-4. No party may file more than one motion pursuant to Fed. R. Civ. P. 56, regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication, without leave from the Court.

i. *Statement of Undisputed Facts and Statement of Genuine Issues*:

The separate statement of undisputed facts shall be prepared in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate which part is

being disputed, followed by the opposing party's evidence controverting the fact. The court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact. No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement. For example, if the movant's separate statement of undisputed facts continues from Fact Number 1 until Fact Number 100, then the opposing party's additional material facts should begin at Fact Number 101.

ii. *Supporting Evidence*: No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of opposition to a motion for summary judgment. The court will not consider such material. Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The court will accept counsel's authentication of deposition transcripts, written discovery responses and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

iii. <u>*Objections to Evidence*</u>: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document. For instance, a party asserting an evidentiary objection in a separate statement may provide "Objection: [Basis for Objection]," e.g., "Objection: Hearsay." Both the grounds and legal argument underlying the evidentiary objection shall be contained in a separate filing.

**10. Proposed Orders.**

Each party filing or opposing a motion or seeking the determination of any matter shall serve, and electronically lodge, a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. Proposed Orders must be on pleading paper and must not include attorney information on the caption page, should not contain a footer with the document name or other information, and should not contain a watermark or designation of the firm name in the margin. In addition, a copy of the proposed order in Word format shall be emailed directly to the Court's chambers email address at MWC_Chambers@cacd.uscourts.gov on the date the document is electronically filed. If the proposed order is based on a stipulation or an *ex parte* application, counsel must email both the order and the stipulation or *ex parte* application. Otherwise, accompanying documents (such as motions) should *not* be emailed to chambers.

**11. Chambers Copies.**

Please do ***not*** provide chambers/courtesy copies. In the rare instance in which the Court would like chambers copies for a particular situation, the Court will issue an order requesting them.

**12. Telephonic Hearings.**

The Court does not permit appearances or arguments by way of telephone conference calls.

**13. *Ex Parte* Applications.**

The Court considers *ex parte* applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. *Ex parte* applications are solely for extraordinary relief, are rarely granted, and should be used with discretion. Sanctions may be imposed for misuse of *ex parte* applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). *Ex parte* applications that fail to conform to Local Rule 7-19 will not be considered, except on a specific showing of good cause.

Counsel for the applicant must provide advance notice of the application by telephone and email to all other parties. In addition to the information required by Local Rule 7-19.1, the notice must advise the other parties of the anticipated deadline to oppose the application. The applicant must serve the application by facsimile, email, or personal service, even if electronic service is effected under Local Rule 5-3.2.1. Oppositions to *ex parte* applications must be filed within 24 hours of the filing of the application, subject to Rule 6(a)(2). If an opposing party does not intend to oppose the *ex parte* application, counsel must inform the Courtroom Deputy Clerk by email as soon as possible.

**14. TROs and Injunctions.**

Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**15. Continuances.**

This Court has a strong interest in keeping scheduled dates certain. Changes in dates are **strongly** disfavored and rarely granted. Trial dates set by the Court are firm and will rarely be changed. Therefore, a stipulation to continue the date of any matter before this Court *must* be supported by a sufficient basis that demonstrates good cause

why the change in the date is essential. Without such compelling factual support, stipulations continuing dates set by this Court will not be approved. Counsel requesting a continuance must lodge a proposed stipulation and order including a *detailed* declaration of the grounds for the requested continuance or extension of time. The requesting party must also set forth: (1) whether there have been prior requests for extension, (2) whether these requests were granted by the Court, (3) a description of the diligence of the party seeking the continuance, and (4) any prejudice that may result if the continuance is denied. **Failure to comply with the Local Rules and this Order will result in rejection of the request**. Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders. Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

**16. Communications with Chambers.**

Counsel shall not attempt to contact the Court or its staff by telephone or by any other *ex parte* means unless contact has been first initiated by chambers staff. Counsel must not contact the Courtroom Deputy Clerk regarding the status of any matter before the Court. Counsel may contact the Courtroom Deputy Clerk with *appropriate* inquiries only. **The Court cannot provide legal advice.** The preferred method of communication with the Courtroom Deputy Clerk is email to the Chambers email address MWC_Chambers@cacd.uscourts.gov. To facilitate communication with the Courtroom Deputy Clerk, counsel should list their email addresses along with their telephone numbers on all papers.

**17. Order Setting Scheduling Conference.**

Pursuant to Fed. R. Civ. P. 16(b), the Court will issue an Order setting a Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court. Strict compliance with Fed. R. Civ. P. 16 and 26 is required. Upon receipt of the parties' Joint Rule 26(f) Report, the Court generally issues the Civil Trial Order containing the deadlines for the case. If the parties fail to timely submit a Rule 26(f) Report, the Court will issue a Civil Trial Order without a Rule 26(f) Report.

**18. Alternative Dispute Resolution (ADR).**

This Court participates in the Court-Directed ADR Program. If counsel have received a Notice to Parties of Court-Directed ADR Program (ADR-08), the case will be presumptively referred to the Court Mediation Panel or to private mediation at the time of the initial scheduling conference. *See* General Order 11-10, § 5.1. Counsel should include their shared or separate views regarding a preference for the Court Mediation Panel or private mediation, and when the mediation should occur, in the written report required by Fed. R. Civ. P. 26(f) and Local Rule 26-1. This Court generally does not refer settlement conferences to magistrate judges. For information about the Court's ADR Program, the Mediation Panel, and mediator profiles, visit the "ADR" page of the Court website.

**19. Notice of this Order.**

Counsel for plaintiff or plaintiff (if appearing on their own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.

Dated: August 28, 2026

HON. MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE

//
//
//
//
//
//
//