UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09121-MWC-DFM Date: September 10, 2026

Title: Etinosa Osahon v. Markwayne Mullin, *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DISCHARGING TEMPORARY RESTRAINING ORDER, DISCHARGING ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION, AND GRANTING PRELIMINARY INJUNCTION (DKTS. [2], [12], [15], [17])**

Before the Court are filings in connection with the Court's August 28, 2026, Temporary Restraining Order ("TRO") enjoining Defendants[1] from taking further action to effectuate, procure, encourage, facilitate, or acquiesce in Plaintiff Etinosa Osahon's ("Plaintiff") removal or transfer to Nigeria; ordering Defendants to preserve all records relating to Plaintiff's detention, transfer, or removal; and ordering Defendants to file a declaration from an individual with personal knowledge to address (1) Plaintiff's physical location and custodial status; (2) what steps Defendants are taking to facilitate Plaintiff's immediate return to the United States; and (3) what additional steps Defendants will take, and when, to facilitate his return. *See* Dkt. # 12 ("*TRO*") at 17–18. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Court **GRANTS** a preliminary injunction mandating the same, and additional, relief.

[1] The Court adopts the naming conventions used in its TRO.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09121-MWC-DFM Date: September 10, 2026

Title: Etinosa Osahon v. Markwayne Mullin, *et al.*

I. Background

The Court incorporates the underlying facts articulated in its TRO. *See TRO*.

When issuing the TRO on August 28, 2026, the Court ordered Defendants to file a declaration from an individual with personal knowledge to address three facts concerning Plaintiff's location and custodial status and the steps they are taking to facilitate his return. *See id.* at 18. The Court further ordered Defendants to show cause, in writing, no later than Thursday, September 3, 2026, as to why a preliminary injunction should not issue. *See id.* at 18. On September 3, 2026, Defendants filed their Response to the Court's OSC. Dkt. # 15. Defendants failed to file the required declaration, in violation of the Court's Order. On September 4, 2026, the Court heard oral argument as to why a preliminary injunction should not issue and further ordered Plaintiff to file a Reply brief to Defendant's Response. Dkt. # 16. On September 8, 2026, Plaintiff filed his Reply. Dkt. # 17.

II. Legal Standard

As with a temporary restraining order, to obtain a preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party to a case, the balance of the equities and public interest factors merge. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). "This circuit has adopted and applied a version of the sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [Petitioner's] favor.'" *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003) (quotation modified)).

III. Discussion

For the reasons stated in the Court's August 28, 2026 Order, the Court finds that Plaintiff has succeeded in presenting a likelihood of success on the merits. *Cf.* Dkt. # 12. The Court agrees with Plaintiff that "Defendants' opposition can be distilled to one proposition: §§ 1252(g), 1252(a)(5), and 1252(b)(9), FARRA, *Munaf*, and a Massachusetts class action together prevent any court from reviewing what happened to Mr. Osahon. That is not a defense of the removal's lawfulness," but instead, is a "claim of immunity from judicial review" that the Ninth Circuit has plainly rejected. *See* Dkt. # 17 at 2 (italics added). The Court is persuaded that all four *Winter* elements weigh in favor of granting a preliminary injunction. *See also Noem v. Garcia*, 145 S. Ct. 1017, 1019 (2025).

To date, Defendants have *still* not filed a declaration from an individual with personal knowledge addressing Plaintiff's current physical location and custodial status, or what steps they are taking to facilitate his return. At the September 4, 2026 OSC hearing, Defense counsel stated that there is only one person in the federal government who possesses this knowledge, and that this anonymous individual is currently in Guatemala and cannot provide a declaration. *See also* Dkt. # 15 at 2 (stating that Defendants cannot provide a declaration "because the only person with personal knowledge that can testify to the above-mentioned three (3) points is currently unavailable due to international travel."). In the time since the September 4 hearing, Defendants have failed to come forth with any update, status report, or declaration in compliance with the Court's Order. Defendants have failed to even provide the name of this individual. Indeed, it appears Defendants have decided to flat out ignore the Court's Order. Such conduct is inexcusable.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** a preliminary injunction. The Court further **ORDERS** as follows:

1. Defendants, their officers, agents, servants, employees, and all persons acting in active concert or participation are **ENJOINED** from taking any action to effectuate, procure, encourage, facilitate, fund, direct, or acquiesce in Plaintiff Etinosa Osahon's transfer or removal to Nigeria, or to another country if Defendants know or reasonably should know that a further transfer to Nigeria is contemplated or reasonably foreseeable.

2. Defendants **SHALL** immediately preserve all hard-copy and electronically stored information concerning Plaintiff's apprehension, detention, release, revocation, custody reviews, country-selection process, transportation, charter and manifest records, removal, transfer, handoff, location, monitoring, claimed diplomatic assurances, communications with any foreign government or official, and efforts to locate or facilitate Plaintiff's return. The preservation duty includes all underlying forms, case notes, A-file material, audit trails, electronic entries, emails, messages, recording, travel records, contracting records, and communications with governmental, consular, airline, charter, or intermediary personnel.

3. Defendants **SHALL** **<u>promptly</u>** take all reasonable respondent-controlled measures to facilitate Plaintiff's return to the United States. Those measures include communicating with appropriate governmental, transportation, consular, and other contacts; coordinating with Plaintiff's counsel regarding a safe mutually agreed location for delivery of a boarding letter or other necessary travel documentation; arranging or authorizing necessary travel documentation and transportation; and, if warranted, parole upon Plaintiff's arrival at a United States port of entry. Nothing in this Order requires Defendants to command or control a foreign sovereign.

4. By no later than **<u>2:00 p.m. every day</u>** after entry of this Order, **<u>including today</u>**, and continuing daily until Plaintiff returns to the United States or the Court orders otherwise, Defendants **SHALL** file a declaration or status report under penalty of perjury stating the actions taken, communications made or received, results obtained, and the next specific steps and timeline for return facilitation. Defendants' filing obligation begins **<u>at 2:00 p.m. on September 10, 2026.</u>**

5. Upon Plaintiff's return to the United States, Defendants **SHALL** restore Plaintiff to the order-of-supervision posture he held immediately before the May 2026 detention and removal, unless and until Defendants take a subsequent action consistent with the U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09121-MWC-DFM Date: September 10, 2026

Title: Etinosa Osahon v. Markwayne Mullin, *et al.*

Constitution, federal law, and applicable regulations. This paragraph does not bar Defendants from taking lawful action after providing any required notice and opportunity to respond.

6. No bond is required.

7. The Court **RETAINS** jurisdiction to enforce and modify this Order.

Failure to comply with any part of this Order will result in the Court issuing an Order to Show Cause Re: Sanctions, to be heard in person in Courtroom 6A on the closest Friday Civil Calendar date.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ