**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ETINOSA OSAHON,

Plaintiff,

v.

MARKWAYNE MULLIN, *Secretary of Homeland Security*, *et al.*,

Defendants.

Case No. 2:26-cv-09121-MWC-DFM

**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO ENFORCE PRELIMINARY INJUNCTION AND PRIOR ORDERS (DKT. [68])**

The Court has considered Plaintiff Etinosa Osahon's *Ex Parte* Application for Order Enforcing the Preliminary Injunction (Dkt. # 19) and October 9, 2026 Order (Dkt. # 60) Regarding Plaintiff's Arrival at Los Angeles International Airport, the Declaration of Sedoo A. Manu and its exhibits, any opposition, and the record. *See* Dkt. # 68. Good cause appearing, the Application is **GRANTED**. The following orders bind Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Order, including officers of U.S. Customs and Border Protection ("CBP") and of U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"). Fed. R. Civ. P. 65(d)(2). The Court **ORDERS** as follows:

1. ***Restoration on arrival.*** Upon Plaintiff's arrival at Los Angeles International Airport ("LAX") on October 15, 2026, Defendants **SHALL** restore Plaintiff to the order-of-supervision posture he held immediately before the May 2026 detention and removal, as paragraph 5 of the Preliminary Injunction requires. Dkt. # 19 at 4–5, ¶ 5. Upon completing his inspection, Defendants **SHALL** parole Plaintiff for a period ending no earlier than October 30, 2026, Dkt. # 60 ¶ 2, and **SHALL** release him from LAX the same day. Defendants **SHALL NOT** take Plaintiff into custody or detain him beyond the time reasonably required to complete his inspection. Any reissuance of his Form I-220B shall take place without detention.

2. ***No fresh admissibility pretext.*** Defendants **SHALL NOT** treat Plaintiff's court-ordered return as an application for admission, and **SHALL NOT** use his inspection, his parole, or his arrival as a basis to detain him or to revoke his Order of Supervision. The condition on Form I-512, Parole No. SPBP11373, stating that Plaintiff "will be taken into custody of ERO law enforcement officials upon entry into the United States," **<u>is of no effect</u>**.

3. ***No revocation without leave of Court.*** Pending further order of this Court, Defendants **SHALL NOT** revoke Plaintiff's Order of Supervision, or arrest or detain him, without first obtaining leave of this Court upon a showing that the revocation satisfies 8

C.F.R. §§ 241.4(l) and 241.13(i), including notice of the reasons and an opportunity to respond.

4. ***No transfer.*** Pending further order of this Court, Defendants **SHALL NOT** transfer or remove Plaintiff from the Central District of California.

5. ***Written instructions.*** Before Plaintiff's arrival, Defendants **SHALL** instruct in writing Larry C. Stanback, Watch Commander, CBP, LAX; Defendant Thomas Giles, Field Office Director, ERO Los Angeles Field Office; Juan A. Gutierrez, Supervisory Detention and Deportation Officer; and Ronald I. Campbell, Unit Chief, ICE Parole and Law Enforcement Unit, to comply with this Order, and **SHALL** file copies of those instructions **by 9:00 a.m. on October 15, 2026**.

6. ***Production.*** If Plaintiff is held in custody at any time on October 15, 2026, Defendants, as his custodian, **SHALL** produce him in person in Courtroom 6A at 1:30 p.m. that day to testify at the hearing. 28 U.S.C. § 2241(c)(5).

7. ***Civil contempt.*** At the hearing set for Thursday, October 15, 2026, at 1:30 p.m. in Courtroom 6A, Defendants are **ORDERED** to **SHOW CAUSE** why they should not be held in civil contempt for (a) issuing a parole document stating that Plaintiff will be taken into custody on entry, which the Embassy stated it would use to prepare the package for CBP at the port of entry, contrary to paragraph 5 of the Preliminary Injunction; (b) failing to comply with paragraph 1(e) of the October 9, 2026 Order; and (c) failing to comply with paragraph 2 of the October 9, 2026 Order. Defendants **SHALL** produce at that hearing an official of ICE with authority over Plaintiff's parole and custody. Should Defendants wish to file a Response to the Order to Show Cause Re: Civil Contempt, they **must** file a Response brief by **no later than 6:00 p.m. on October 14, 2026**.

8. The Preliminary Injunction (Dkt. # 19) and the October 9, 2026 Order (Dkt. # 60) remain in full force.

**IT IS SO ORDERED.**

DATED: October 14, 2026

Hon. Michelle Williams Court
United States District Judge